### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### AT WICHITA, KANSAS

| | |
|---|---|
| DEVAUGHN JAMES, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. |
| PALOMAR EXCESS AND SURPLUS INSURANCE COMPANY | ) ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, by and through counsel Dustin L. DeVaughn and Richard W. James, of DeVaughn James Injury Lawyers, and for Plaintiff's claims against the Defendant, alleges and states:

### A. PARTIES

1. Plaintiff is a limited liability company organized in the State of Kansas with its principal place of business in Wichita, Kansas. It is authorized to conduct business in the State of Kansas.

2. There are three members of DeVaughn James, LLC, consisting of Dustin DeVaughn, Richard James and Cody Claassen, all of which are residents of the State of Kansas.

3. Defendant Palomar Excess and Surplus Insurance Company is a stock corporation domiciled in the State of Arizona. Its statutory home office address is CT Corporation System, 3800 North Central Avenue, Phoenix, Arizona 85012 and may be served at that address.

### B. JURISDICTION AND VENUE

4. This Court has jurisdiction over the persons and subject matter.

5. Venue is proper in the Wichita division of the Kansas District Court of the Federal District Court.

6. The insurance policy issued that is the subject matter of this Complaint was issued in the State of Kansas.

7. This action is brought pursuant to 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars exclusive of interest and costs and on the basis of diversity of citizenship.

### C. NATURE OF ACTION

8. This is a civil action for breach of an insurance contract.

### D. COUNT I: BREACH OF CONTRACT

9. Plaintiff purchased from defendant a Prime 250 Cyber Risk Insurance Policy No. PLM-CB-S1FMQVHAQ-002 with a premium purchase price of $11,930.00 with effective dates of coverage from December 23, 2024, to December 23, 2025. A copy of this Policy is attached as Exhibit 1.

10. The policy is subject to a $2,000,000 Aggregate Limit of Liability. Under the First Party Loss Coverage, any claim is subject to the greater of a $10,000 deductible or eight (8) hour waiting period.

11. Section 1 of the policy provides in relevant part:

> B. FIRST PARTY LOSS COVERAGE
>
> The Insurer will reimburse the Insured, all First Party Loss directly resulting from a Cyber Event which is first discovered by the Insured during the Policy Period or Extending Reporting Period (if applicable).

12. "Cyber Event" is defined under the Policy to mean a (a) Privacy Incident, (b) Network Security Incident, or (c) Cyber Crime Incident.

13. Relevant to this Complaint, "Network Security Incident" is defined as the Insured's actual or alleged failure to prevent (1) Unauthorized Access to or Unauthorized Use of the Computer System or Third-Party Network; (2) a Denial of Service Attack upon or directed at the Computer System or Third-Party Network; or (3) malicious code or computer virus created or transmitted by or introduced into the Computer System or Third-Party Network that does or could destroy, alter, manipulate, or degrade the integrity or performance of a Computer System.

14. "Business Interruption Loss" under the terms of the insurance policy means "Income Loss and Extra Expense incurred by the Insured Organization during the Period of Recovery which exceeds the Waiting Period, due to an Interruption of Service as a result of a Network Security Incident."

15. "Income Loss" under the terms of the insurance policy means "the Insured Organization's measurable net profit before income taxes that the Insured Organization would have earned had no intervening event taken place, or the net loss before income taxes the Insured Organization is unable to avoid, during the Period of Recovery."

16. "Computer System" means (1) Computer hardware; (2) Software; (3) Firmware and associated input and output devices; (4) Mobile and wireless devices; (5) Data storage devices; (6) Networking equipment; (7) Storage area network; (8) Backup facilities. "Computer System" also means and of the foregoing that are: (a) part of an Industrial Control System (ICS), which are controls, systems, and instrumentation used to operate or automate industrial process; or (b) Operated by either and either owned by or leased to the Insured Organization; or (c) systems

operated by a third-party service provider and used for the purpose of providing hosted computer application services, including cloud services, to the Insured Organization or for processing, maintaining, hosting or storing the Insured Organization's Electronic Data, pursuant to written contract with the Insured Organization for such services.

17. Plaintiff experienced a Network Security Incident or Cyber Event that was discovered during the Policy Period.  Specifically, the time of the Network Security Incident or Cyber Event was 5:32 UTC on Sunday, August 3, 2025, which is 11:32 p.m. CST when ransomware, a type of malicious code, was introduced to the plaintiff's computer system which was able to manipulate, alter and degrade the performance of the computer system.

18. Plaintiff's computer system including its servers, computer stations, VPN service, Smart Advocate case management system, dashboards, Microsoft 365 were compromised to such an extent that they were essentially unusable from Monday, August 4, 2025, through Friday, August 8, 2025.  Plaintiff's computer system was only partially operational on Monday, August 11 and Tuesday, August 12, 2025.

19. Plaintiff's operations are entirely digital and computer-based, with all systems and applications hosted exclusively on-site.  In other words, the law firm operates in a "paperless" environment, where client files, case documentation, legal work, and communications are maintained, processed, and transmitted digitally.

20. As a result of this Network Security Incident or Cyber Event, plaintiff was prevented from accessing client and case related information and documentation,

utilizing any type of computer system and was prevented from performing any type of meaningful legal work.

21. Plaintiff's loss of profit claim for the five (5) business days it was essentially shut down due to the Network Security Incident or Cyber Event was provided to the defendant by way of its Proof of Loss. This amount is in excess of $75,000.00.

22. Plaintiff's deductible is the greater of eight (8) hours or $10,000. The first eight (8) hours of the business interruption occurred during the night when only plaintiff's intake team was affected. There was no "loss of profit" during that time frame that is being claimed. As a result, the $10,000.00 is the greater amount.

23. Plaintiff complied with all conditions precedent and obligations under the Policy prior to filing this Complaint including submitting a Proof of Loss that provided all required information.

24. Plaintiff provided defendant's forensic accounting team with all information and documentation requested.

25. Despite the fact plaintiff was essentially non-operational for five (5) business days, defendant has taken the position that plaintiff suffered absolutely no loss of profit and denied plaintiff's claim in its entirety.

26. In refusing to pay Plaintiff's claim for its loss under the Policy, defendant has breached the terms of the Policy causing financial loss and damages.

27. Defendant has refused without just cause or excuse to pay the full amount of such loss and is liable to plaintiff a reasonable sum as an attorney's fee for services in this action, including proceeding upon appeal, to be recovered and collected as part of the costs of this action pursuant to K.S.A. 40-256.

WHEREFORE, Plaintiff requests judgment against Defendant for an amount in excess of $75,000.00, plus attorney fees, pre and post judgment interest, costs and any further relief this Court deems fair, just and equitable.

>Respectfully submitted,
>
>DeVaughn James Injury Lawyers
>
>By: */s/ Dustin DeVaughn*
>    Dustin L. DeVaughn, #16559
>    Richard W. James, #19822
>    3241 N. Toben St.
>    Wichita, Kansas 67226
>    (316) 888-8888 [t]
>    (316) 425-0414 [f]
>    ddevaughn@devaughnjames.com
>    rjames@devaughnjames.com
>    *Attorneys for Plaintiffs*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial in this matter.

>DeVaughn James Injury Lawyers
>
>By: */s/ Dustin DeVaughn*
>    Dustin L. DeVaughn, #16559
>    Richard W. James, #19822
>    3241 N. Toben St.
>    Wichita, Kansas 67226
>    (316) 888-8888 [t]
>    (316) 425-0414 [f]
>    ddevaughn@devaughnjames.com
>    rjames@devaughnjames.com
>    *Attorneys for Plaintiffs*